UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20921-Lenard-O'Sullivan

FIRST TIME VIDEOS LLC,

      Plaintiff,

vs.

DOES 1 – 76,

      Defendants.
_____/

### PLAINTIFF'S RESPONSE TO MOVANTS' NOTICE OF IMPROPER CONDUCT/MOTION FOR SANCTIONS

Two anonymous individuals ("Movants")[1] filed, through attorney Kabir Lalchandani, a notice of improper conduct and a motion for sanctions. (ECF No. 30.) Movants claim that Plaintiff's counsel committed improper conduct by "contact[ing] [Movants] directly without the undersigned's permission and made significant threats to compel settlement." (*Id.* at 2.) As a result, Movants "request that the Court impose the appropriate sanction against Plaintiff and/or Plaintiff's counsel." (*Id.* at 7.) As described herein, Movants' motion is frivolous on every level and openly violates the Florida Rules of Professional Conduct. Another attorney who used the same tactics as Movants' counsel is now the subject of a probable cause hearing before the Florida Bar. The Court should strike Movants' motion. Plaintiff's counsel will seek all appropriate further relief through the Florida Bar.

---

[1] The Movants claim to be associated with Internet Protocol ("IP") addresses 74.4.213.245 and 74.178.230.219. (ECF No. 30.)

1

## DISCUSSION

Movants' motion is frivolous on every level. First, the motion relies on a fundamentally dishonest presentation of Plaintiff's communications. Second, the motion is entirely unsubstantiated. Third, Movants provide no explanation for how Plaintiff's counsel was to divine that Movants continued to be represented by counsel, particularly in light of Movants' counsel's past practices. Finally, Movants' motion plainly violates the Florida Rules of Professional Conduct because it seeks to use a purported instance of unethical conduct by Plaintiff's counsel to gain a litigation advantage.

### I. MOVANTS' MOTION RELIES ON A FUNDAMENTALLY DISHONEST PRESENTATION OF PLAINTIFF'S COMMUNICATIONS

Movants' motion is premised on the notion that Plaintiff's counsel's communication was designed to discourage Movants from seeking the advice of counsel. (*See* ECF No. 30 at 3, 5) (stating "Plaintiff is clearly encouraging the subscriber not to consult an attorney" and "The inclusion of the last sentence is clearly an attempt to discourage the subscriber from retaining counsel.") Movants' presentation is fundamentally dishonest because it failed to note the following language in the communication:

> We strongly encourage you to consult with an attorney to review your rights in connection with this matter. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours and you should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied on for a comprehensive analysis of our client's claim against you.

(ECF No. 30-2 at 3.) By its very words, Plaintiff's communication "strongly encourage[d]" Movants to seek representation by an attorney. Movants' dishonest presentation sets the tone for the rest of their motion.

## II. MOVANTS' MOTION IS ENTIRELY UNSUBSTANTIATED

Movants' motion relies on allegations that are either not supported by a declaration or are supported by a declaration that is facially defective. Initially, Movants' counsel suggests that Plaintiff's counsel should be sanctioned by this Court for its improper contacts in cases *not pending before this Court*. (ECF No. 30 at 7.) ("The undersigned has contacted Plaintiff's counsel several times regarding improper contacts with clients.") Plaintiff's counsel is not aware how this allegation is relevant to the merits of the present case. Moreover, without a declaration from Movants' counsel in support of this allegation, how is Plaintiff's counsel expected to respond to or rebut this allegation?

The only declaration—if it can be called that—that does exist is a document labeled a declaration and executed by one "John Doe 74.178.230.219." (ECF No. 30-1.) As an initial matter, Movants are asking this Court to sanction Plaintiff for improper contacts with John Does 74.178.230.219 *and* 74.4.213.245, and yet only one individual submitted a declaration. (*Id.*) Movants' accusations with respect to John Doe 74.4.213.245 are, therefore, entirely unsubstantiated.

The accusations with respect to John Doe 74.178.230.219 are also unsubstantiated. This is because a declaration signed pseudonymously is facially defective. A declaration signed under a pseudonym is improper. *See* 28 U.S.C. §1746 (2011) (requiring a declarant to "subscribe" the declaration "under penalty of perjury"); Fed. R. Civ. P. 11 (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party if the party is unrepresented."); *see Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120 (1989) (explaining the phrase "the person who signed it" in Fed. R. Civ. P 11 as referencing "the individual signer" and

emphasizing the relationship between the individual signer and accountability of such representation by stressing that "[j]ust as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run *as to him*. . . . [T]he purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility."); *Bus. Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 542-543) (explaining that a signature is a certification to the court by the signer and that the signer owes to the court system the duty to conserve its resources and avoid unnecessary proceedings). Movant's declaration could have been signed by anyone—even Movant's counsel. The Court should strike this facially defective declaration.

### III. PLAINTIFF'S COUNSEL WAS NOT INFORMED THAT MOVANTS' COUNSEL CONTINUED TO REPRESENT MOVANTS

Movants failed to submit a notice of representation or any other document that would have informed Plaintiff's counsel of Movants' continued representation. By way of background, Movants' counsel's business model in copyright infringement matters is to sign up an alleged infringer, collect a flat fee and then file a form motion to quash, sever and dismiss. When the motion is rejected and their client is sued they disavow any further representation in the case. In light of this experience, Plaintiff's counsel had no idea that in this unique instance Movants continued to be represented by counsel. When Movants' counsel informed Plaintiff's counsel of this fact, Plaintiff's counsel immediately updated its records to reflect the representation. Of course, Movants' counsel would be well-advised to follow the standard practice of issuing representation letters so as to clarify the nature and scope of their representation. Otherwise, opposing counsel is left to divine whether Movants continue to be represented.

After the Court denied Movants' motions (ECF No. 27), Plaintiff's counsel inferred that Movants' counsel's representation had ceased, as it has done in every instance preceding this

4

case. Plaintiff did not "know" Movant's counsel was continuing to represent Movants, as the term is defined by Fla. Bar R. Prof'l Conduct 4–4.2(a).

### IV. MOVANTS' MOTION VIOLATES THE FLORIDA RULES OF PROFESSIONAL CONDUCT

If Movants' counsel has a concern regarding Plaintiff's counsel's conduct, the proper forum for airing that grievance is the Florida Bar. As an attorney licensed to practice law in Florida, Movants' counsel can be imputed to be aware of this fact. Yet, instead of following standard procedures Movants' counsel brought the instant motion. The only reason he would choose to do so is if he believed that it would confer a litigation advantage. In other words, if the Court grows weary of Plaintiff's counsel, then perhaps the Court would take a different view of Plaintiff's claims. Of course, using allegations of professional misconduct to gain a litigation advantage is itself professional misconduct. Fla. Bar R. Prof'l Conduct 4–3.4(h) ("A lawyer shall not . . . present, participate in presenting, or threaten to present disciplinary charges under these rules solely to obtain an advantage in a civil matter.") So as to avoid committing professional misconduct itself, Plaintiff's counsel will not discuss this particular issue any further.

### CONCLUSION

Movants' motion for sanctions is frivolous on every level. Plaintiff respectfully asks the Court to strike the motion.

[intentionally left blank]

          Respectfully submitted,

          First Time Videos LLC

DATED: August 6, 2012

        By: /s/ Joseph Perea
          Joseph Perea, FBN 47782
          Joseph Perea, P.A.
          9100 S. Dadeland Blvd, Ste 1500
          Miami, Florida 33156
          Tel: 305-934-6215
          Fax: 888-229-4968
          E-mail: joperea@perealawfirm.com
          *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Joseph Perea
    JOSEPH PEREA