UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20921-CIV-LENARD/O'SULLIVAN

FIRST TIME VIDEOS, LLC,

    Plaintiff,
v.

DOES 1 - 76,

    Defendants.
                                  /

**ORDER AND RECOMMENDATION[1]**

THIS MATTER is before the Court on the following motions:

    1. John Doe 's Motion to Dismiss Complaint Against Defendant John Doe and Quash Subpoena Against Same (DE# 39, 7/19/12);

    2. John Doe 65.34.132.140 's Motion to Dismiss Complaint Against Defendant John Doe 65.34.132.140 and Quash Subpoena Against Same (DE# 40, 7/25/12);

    3. John Doe 68.231.208.27 's Motion to Dismiss Complaint Against Defendant John Doe 68.231.208.27 and Quash Subpoena Against Same (DE# 45, 8/5/12);

    4. John Doe 69.133.87.42 's Motion to Dismiss Party for Improper Venue, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (DE# 46, 8/16/12); and

    5. Motion to Quash and/or Vacate Subpoena and Incorporated

---

[1] This Order and Recommendation is substantially similar to the Order and Recommendation filed on June 28, 2012 (DE# 27, 6/28/12). The Recommendation remains pending.

Memorandum of Law (DE# 47, 8/17/12) filed by Mark Russ, *pro se*[2].

      6.  Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law (DE# 48, 8/17/12) filed by Mark Russ, *pro se*.

      7.  Motion for Protective Order (DE# 49, 8/17/12) filed by Mark Russ, *pro se.*

Having reviewed the motions, responses and replies, it is

ORDERED AND ADJUDGED that the motions for protective order and/or to quash subpoena (DE# 39, 40, 45, 46 and 47) are **DENIED**.  The undersigned finds that there is a minimal expectation of privacy for information provided to internet providers.  See Boy Racer, Inc. v. John Does 1-34, 2012 WL 1535703, * 4 (S.D. Fla. 2012) ("[I]ndividuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from disclosure.") (quoting AF Holdings, LLC v. Does 1-162, No. 11-23036-CIV, 2012 WL 488217, * 3 (S.D. Fla. Feb. 14, 2012)(citations omitted)).  The requested information is directed to the internet service provider, not the internet provider address, to obtain information necessary for the plaintiff to establish the identity of the putative defendants.  See AF Holdings, 2012 WL 488217 at * 3  ("A party to an action generally may not seek to quash or modify a subpoena on behalf of the non-party to which it was issued.") (citation omitted).  It is further

ORDERED AND ADJUDGED that the Motion for Protective Order (DE# 49,

---

[2] Although this movant has chosen to identify himself in his motion, he is not a named party nor has he been served with a subpoena or any other papers related to this case.

8/17/12) filed by Mark Russ, *pro se,* **is DENIED**.  Mr. Russ has not provided any grounds that warrant the non-disclosure of his identity to the plaintiff when he identified himself in the motions that he filed with this Court. It is further

RECOMMENDED that the motions to dismiss and/or to sever (DE# 40, 45, 46 and 48) be **DENIED.** The undersigned agrees with the AF Holdings decision, supra, that the motions by the above-referenced Does and Mark Russ are premature as they are not named defendants.  It is further

RECOMMENDED that John Doe's Motion to Dismiss Complaint Against Defendant John Doe and Quash Subpoena Against Same (DE# 39, 7/19/12) be **DENIED as moot**.  John Doe's Motion to Dismiss Complaint Against Defendant John Doe (DE# 39, which was DE# 18, 7/19/12 in Case No. 12-cv-21952) became moot when the plaintiff filed its First Amended Complaint (DE# 27, 7/31/12 in Case No. 12-cv-21952).

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Judge Lenard**, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in Chambers at Miami, Florida this **21st** day of November, 2012.

/s/ John J. O'Sullivan

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
Counsel of Record